UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOLENE WINTER,

      **Plaintiff,**

  v.

MIKE'S TRUCKING, LTD, *et al.*,

      **Defendants.**

Case No. 2:20-cv-1269
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiff Jolene Winter's Motion for Default Judgment. (ECF No. 17.) Defendants are in default and have not appeared in this action. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.

**I.**

Plaintiff initiated this action against Defendants Mike's Trucking, LTD and Mike Culbertson on March 9, 2020 alleging violations of Title VII of the Civil Rights Act of 1964 and Ohio Revised Code §§ 4112, *et seq.* (Compl., ECF No. 1.) Specifically, Plaintiff asserts claims for sex discrimination, hostile work environment, unlawful retaliation, and breach of contract. (*Id.*) The EEOC issued a Plaintiff a right to sue letter. (*Id.*, Ex 1.) On December 3, 2020, the Clerk entered Defendants' default. (ECF No. 16.) Plaintiff has now moved for default judgment. (Mot. Default. J., ECF No. 17.) Plaintiff asks the Court to find Defendants liable under Title VII and Ohio Revised Code §§ 4112, *et seq.* and award compensatory damages, attorney fees, and litigation costs. (*Id.*) Plaintiff also requests a damages hearing. (*Id.*)

Because of the default entry, the Court takes Plaintiff's allegations regarding Defendants' liability as true. *See DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *1 (S.D. Ohio Jan. 24, 2018). The Court relates those allegations below.

Plaintiff Jolene Winter, a woman, began working for Mike's Trucking, LTD in March of 2018 as a dump truck driver. (Compl. ¶ 9.) Mike's Trucking, LTD is a limited liability company located in Madison County, Ohio engaged in commercial trucking and hauling, and is owned, operated, and managed by Defendant Mike Culbertson. (*Id.* ¶¶ 5–8.) During Plaintiff's employment, Defendants employed 30–40 drivers, but Plaintiff was the only female driver. (*Id.* ¶ 26.) Two of Plaintiff's co-workers referred to her as "lot lizard and "bitch" and made demeaning comments over CB radio used by Plaintiff and other co-workers on a regular basis. (*Id.* ¶¶ 32–34.) In April of 2018, one co-worker demanded to see her breasts as a condition of making needed repairs to her dump truck. (*Id.* ¶ 16.) In May of 2018, Plaintiff sought treatment from a psychiatrist and was prescribed medication for anxiety. (*Id.* ¶ 17.) Plaintiff reported to her official supervisor on September 28, 2018 that she was being harassed by her co-workers, but Defendants took no remedial action to protect Plaintiff. (*Id.* ¶¶ 36–39.) Instead, her supervisor asked, "What did you do to deserve sexual remarks being made to you?" (*Id.* ¶ 19.)

In October of 2018, Defendant Culbertson (the owner) berated her in front of her supervisor, telling her that it was her own fault that no one liked her. (*Id.* ¶ 21.) That same month, Defendant Culbertson re-assigned Plaintiff to a less productive work site, which reduced her hours and total compensation. (*Id.* ¶ 22.) In November of 2018, Defendants accused Plaintiff and a male co-worker of "running together" in violation of a work rule that prohibits drivers from reaching their stops at the same time and leaving at the same time. (*Id.* ¶ 23.) Plaintiff was terminated for the alleged violation; the male co-worker was not terminated. (*Id.* ¶ 24.)

Defendants also withheld Plaintiffs last paycheck for hours worked, amounting to approximately $600.  (*Id.* ¶ 25.)

## II.

Federal Rule of Civil Procedure 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-cv-535, 2016 WL 4007092, at *2 (S.D. Ohio July 26, 2016). First, a plaintiff must request an entry of default from the Clerk of Courts.  Fed. R. Civ. P. 55(a). Upon the Clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015) (quoting *Broad, Music, Inc. v. Pub Dayton, LLC*, No. 3:11-cv-58, 2011 WL 2118228, at *2 (S.D. Ohio May 27, 2011)).

Second, if the plaintiff's claims are not for "a sum certain or a sum that can be made certain by computation," the plaintiff must then apply to the Court for a default judgment.  Fed. R. Civ. P. 55(b).  "Thus, while liability may be shown by well-pleaded allegations, the district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC*, 2018 WL 542268, at *2 (quoting *Parker-Billingsley*, 2015 WL 4539843, at *1). Rule 55(b)(2) provides that a district court "may" hold a hearing on a motion for default judgment when necessary to "conduct an accounting," or "determine the amount of damages."  In other words, the Rule, "by its terms, allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the

3

District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.")).

### A. Liability

Plaintiff asserts claims under Title VII and Ohio law for sex discrimination, hostile work environment, and retaliation. Plaintiff also asserts a claim for breach of contract.

Both Title VII and Ohio civil rights law make it unlawful for an "employer" to discriminate against an "employee" on the basis of sex. 42 U.S.C. § 2000e-2; Ohio Rev. Code § 4112.02. However, Title VII does not permit liability against a person in an individual capacity, even when that person is the sole owner of the business. *Austin v. Alexander*, 439 F. Supp. 3d 1019, 1024 (M.D. Tenn. 2020) (citing *Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir. 2012)).[1] On the other hand, the Ohio Supreme Court has interpreted Ohio's employment discrimination law to permit individual liability against supervisors and managers for their discriminatory actions in the workplace. *Genaro v. Cent. Transp., Inc.*, 703 N.E.2d 782, 785 (Ohio 1999).[2] Thus, while the well-pleaded allegations in the Complaint establishes Defendant Mike's Trucking, LTD's liability under Title VII and Ohio employment discrimination law, the Complaint establishes individual liability against Defendant Mike Culbertson (the owner, operator, and manager) only under Ohio law.

---

[1] Some courts recognize Title VII liability against supervisors or owners in their official capacity under the "alter ego" theory. *Ankofski v. M&O Mktg., Inc.*, 218 F. Supp. 3d 547, 553 (E.D. Mich. 2016) (citing *Little v. BP Expl. & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001)) (collecting cases). Plaintiff here is not pursuing an alter ego theory. In any event, when an employee has already sued a corporate defendant, "an official capacity suit against a supervisor adds nothing to the litigation[,]" because the "employer and only the employer can be responsible for any relief the employee obtains, even if under the official capacity theory." *Id.* (citing *Cautela v. Ohashi Tecnica U.S.A., Inc.*, 2009 WL 2431090, *3–4, 2009 U.S. Dist. LEXIS 68662, *10 (S.D. Ohio 2009)).

[2] On January 12, 2021, the Ohio legislature passed a law to supersede *Genaro* and declared its intent that individual supervisors, managers, or employees cannot be held liable under Ohio Rev. Code § 4112. H.B. 352, 133 Gen. Assemb. (Ohio 2021). However, that law did not take effect until April 15, 2021. *Id.*

1.  **Sex Discrimination**

To make out a prima facia case for sex discrimination, the employee must show that: "(1) she is a member of a protected group; (2) she was subjected to an adverse employment decision; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class, or similarly situated non-protected employees were treated more favorably." *Grace v. USCAR*, 521 F.3d 655, 677 (6th Cir. 2008).[3] The Complaint's allegations establish each of these elements. Defendants terminated Plaintiff, a woman, for allegedly violating a workplace rule prohibiting drivers from "running together." However, Defendants did not terminate a similarly situated male employee for the same alleged violation. Defendants have not appeared to articulate a non-discriminatory reason for firing Plaintiff. *See id.* Thus, Defendants are liable for sex discrimination under Ohio law. Defendant Mike's Trucking, LTD is also liable under Title VII.

2.  **Hostile Work Environment**

To make out a hostile work environment claim, Plaintiff must establish that "(1) she is a member of a protected class, (2) she was subjected to harassment, either through words or actions, based on sex, (3) the harassment had the effect of unreasonably interfering with her work performance and creating an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer." *Grace*, 521 F.3d at 678. The harassment must be objectively and subjectively so "severe and pervasive as to constitute a hostile or abuse working environment both to the reasonable person and the actual victim." *Id.* (citing *Randolph v. Ohio Dep't of Youth Svcs.*, 453 F.3d 724, 733 (6th Cir. 2006)).

---

[3] "Generally, Ohio courts look to federal anti-discrimination case law when examining employment discrimination cases made under state law." *Housden v. Wilke Glob., Inc.*, 111 N.E.3d 1264, 1270 (Ohio Ct. App. 2018). The Court will therefore analyze Plaintiffs' claims citing to federal law.

The Complaint establishes Defendants' liability for a hostile work environment. Plaintiff's co-workers regularly made derogatory comments about her, broadcasted over the CB radio for other employees to hear. One co-worker demanded that Plaintiff show him her breasts before repairing her truck. And Plaintiff, the only female truck driver out of 30–40 drivers, sought mental health treatment because of the workplace harassment. Plaintiff reported to her immediate supervisor the harassment, but Defendants took no remedial measures. Defendant Culbertson instead berated Plaintiff and told her that it was her fault no one liked her. These allegations, taken as true, demonstrate objectively and subjectively severe and pervasive sexual harassment and establish a basis for employer liability. Thus, because Plaintiff's allegations are uncontested, Defendants are liable for Plaintiff's hostile work environment claim under Ohio law. Defendant Mike's Trucking, LTD is also liable under Title VII.

3. **Retaliation**

To establish a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in a protected activity; (2) her exercise of the protected activity was known by the defendant; (3) the defendant took an action materially adverse to the plaintiff; and (4) the protected activity was a but-for cause of the adverse action. *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014). The Complaint established a prima facie case of retaliation against Defendants. Plaintiff reported to her immediate supervisor in September of 2018 that she was being sexually harassed by her co-workers. Defendants took no remedial action, instead asking Plaintiff what she did to deserve the harassment. A month later, Defendant Culbertson re-assigned Plaintiff to a less productive work site, reducing her hours and compensation. Therefore, because Defendants have not appeared to articulate a non-discriminatory reason for re-assigning Plaintiff to a less productive

6

worksite, *see id.*, Defendants are liable for unlawful retaliation under Ohio law. Defendant Mike's Trucking, LTD is also liable under Title VII.

### 4. Breach of Contract

Lastly, Plaintiff asserts a breach of contract claim. The basic elements of a breach of contract claim are "the existence of a contract, performance by the plaintiff, breach by the defendant," and damages. *Becker v. Direct Energy, LP*, 112 N.E.3d 978, 988 (Ohio Ct. App. 2018). In support of this claim, the Complaint alleges that Plaintiff was Defendants' employee and that Defendants withheld Plaintiff's final paycheck and failed to pay her wages owed for services she provided during her last week of employment. (Compl. ¶¶ 9, 56–57.) Thus, the Complaint establishes the existence of an employment contract, Plaintiff's performance under the contract, and Defendants' breach of the employment contract.

Accordingly, Defendants are liable for breach of contract. Mike's Trucking, LTD and Mike Culbertson are liable under Ohio Revised Code §§ 4112, *et seq.* for sex discrimination, hostile work environment, and retaliation. Defendant Mike's Trucking, LTD is also liable under Title VII for those same claims.

### B. Damages

Because the Complaint establishes liability, Plaintiff is entitled to compensatory damages. Plaintiff is also entitled to an award of attorney fees, but only against Defendant Mike's Trucking, LTD. 42 U.S.C. § 2000e-5. Ohio Revised Code § 4112 does not authorize the award of attorney fees unless punitive damages are warranted. *Sutherland v. Nationwide Gen. Ins. Co.*, 657 N.E.2d 281, 283 (Ohio Ct. App. 1995). Plaintiff requests that the Court hold an evidentiary hearing to establish the amount of damages. Thus, the Court will set this matter for a damages hearing.

### III.

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED IN PART** and **DENIED IN PART**. (ECF No. 17.) Specifically, the Court grants Plaintiff's motion as to Defendant Mike's Trucking, LTD's liability under Title VII and Ohio Revised Code § 4112.02, Defendant Mike Culbertson's liability under Ohio Revised Code § 4112.02, and both Defendants' liability for breach of contract. The Court denies Plaintiff's motion as to Defendant Culbertson's liability under Title VII. The Court will set this matter for a damages hearing forthwith. This case will remain open until after the damages hearing.

**IT IS SO ORDERED**.

4/26/2021                                                     s/Edmund A. Sargus, Jr.
**DATE**                                                **EDMUND A. SARGUS, JR.**
                                                         **UNITED STATES DISTRICT JUDGE**