UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOLENE WINTER,**

  **Plaintiff,**

 v.

**MIKE'S TRUCKING, LTD.,**

 **and**

**MICHAEL CULBERTSON,**

  **Defendants.**

**Case No. 2:20-cv-01269**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on Defendants Mike's Trucking, Ltd., and Michael Culbertson's ("Defendants") Motion to Set Aside Judgment. (ECF No. 44.) Plaintiff filed a Response stating that she does not oppose Defendant's Motion. (ECF No. 50.) For the following reasons, Defendants' Motion to Set Aside Judgment is **GRANTED**.

### I.

Plaintiff filed this case against Defendants on March 9, 2020 alleging violations of Title VII of the 1964 Civil Rights Act, Title 42 U.S.C. §§ 2000e, *et seq*, and Ohio Revised Code § 4112. (*See* Compl., ECF No. 1.) Plaintiff moved for, and obtained, an entry of default against Defendants on December 3, 2020 when Defendants failed to answer or otherwise respond to Plaintiff's Complaint. (*See* Entries of Default, ECF No. 14 & 15.) Following the entry of default, (ECF No. 16), on December 15, 2020, Plaintiff requested that the Court grant default judgment against Defendants on all claims. (*See* Mot. Default J., ECF No. 17.) This Court granted, in part, Plaintiff's motion for default judgment on April 26, 2021. (ECF No. 18.)

On July 12, 2021, counsel entered their appearance on behalf of the Defendants. (ECF No. 37.) The Court scheduled a damages hearing, which was continued and then vacated on July 14, 2021. (ECF Nos. 19, 24, 26, and 40.) Soon after, on July 16, 2020, Defendants filed the instant motion for relief from judgment (ECF No. 44), and the Plaintiff responded, indicating that she does not oppose the motion. (ECF No. 50.)

## II.

Federal Rule of Civil Procedure 55(c) provides that the Court may set aside a final default judgment under Rule 60(b). Rule 60(b) provides that on motion and "just terms," the Court may vacate the default judgment if the moving party demonstrates that its failure to respond was due to one of the reasons enumerated therein. Fed. R. Civ. P. 60(b), "Rule 60(b) is applied 'equitably and liberally' in considering motions to vacate . . . default judgments." *Weiss v. St. Paul Fire and Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002) (quoting *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). That is because "judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co.*, 705 F.2d at 845. Therefore, "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Id.*

As the Sixth Circuit instructs, this Court must consider three factors when determining whether to set aside a default judgment: (1) "whether the proponent's culpable conduct led to the default;" (2) "whether the proponent had a meritorious claim or defense;" and (3) "whether the opposing party would be prejudiced." *Weiss*, 283 F.3d at 794 (citing *United Coin Meter Co.*, 705 F.2d at 845). The culpability factor must be considered first. *Id.* (citing *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). The movant's burden to satisfy the culpability factor requires a showing that meets Rule 60(b)(1). *Id.* In other words, the movant

2

must "demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect." *Waifersong*, 976 F.2d at 292. "Only if the moving party makes this showing may the district court proceed to consider the other *United Coin Meter* factors." *Weiss*, 283 F.3d at 794.

### III.

First, culpability. Defendants contend that the reason for their delay was that Plaintiff served both Defendants at incorrect addresses. Plaintiff served Defendant Culbertson at a residential address where he had not lived for 20 years. (*See* Mot. to Set Aside J. at 8, ECF No. 44.) Plaintiff served Defendant Mike's Trucking at an old address where the business was no longer located. (*Id.* at 8–9.) Defendants aver that they learned of the case on July 1, 2021, and still had not received the Summons and Complaint at the time of this motion on July 16, 2021. (*Id.*) Thus, the culpability factor has been met. *Weiss*, 283 F.3d at 794.

Second, merit. Defendants contend that they have multiple meritorious defenses that favor granting this motion to set aside default judgment. (Mot. to Set Aside J. at 10.) Defendants allege that Plaintiff was not subject to discrimination based on her sex because she disciplined fairly for driving a truck into a ditch, making unauthorized stops, and other company policy violations. (*Id.*) Defendants further claim to have no knowledge of people calling Plaintiff derogatory names and allege that Plaintiff never complained to a supervisor. (*Id.*) Because the Plaintiff does not oppose this motion, and the Court has no reason to find otherwise, these are sufficient meritorious defenses to set aside default judgment.

Third, prejudice. The burden is on the movant, the Defendants, to show "the absence of substantial prejudice to the plaintiff should relief be granted." *See Waifersong*, 976 F.2d at 292. Defendants argue that their motion was made promptly before damages have been determined and while the case is still progressing with discovery. (Mot. to Set Aside J. at 12.) There is no evidence

3

that this delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011).  Because there is no indication that setting aside the default judgment will cause substantial prejudice to Plaintiff, this factor has been met.  The Court concludes that Defendants have satisfied all factors for setting aside the default judgment.

## IV.

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to set aside judgment (ECF No. 44) and **SETS ASIDE** the Default Judgment in accordance with Rule 60(b).  This case is to remain open.

    **IT IS SO ORDERED**.

| | |
|---|---|
| 9/28/2021 | s/Edmund A. Sargus, Jr. |
| **DATED** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |